1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**CENTRAL DISTRICT OF CALIFORNIA**

10

11   UNITED STATES OF AMERICA,

12                    Plaintiff,

13   v.

14   CLAUDIA VALESKA PULIDO,

15

16                    Defendant.

Case No. CR 16-00384 GHK

**ORDER ON REVOCATION
HEARING PURSUANT TO
18 U.S.C. § 3148(b)**

17

18      Pursuant to an Order to Show Cause ("OSC") why defendant's bond should

19   not be revoked (ECF No. 57), and the Court having conducted hearings on the OSC

20   on December 29, 2016 and January 5, 2017, the Court now rules as follows:[1]

21      (1)   The Court finds by clear and convincing evidence that defendant has

22   violated the conditions of her release requiring that she participate in residential

23   drug treatment at the direction of Pretrial Services ("PSA").  Pursuant to a bond and

24   conditions of release dated October 4, 2016 (ECF No. 37), defendant was placed by

25   PSA at MFI - A Woman's Place ("MFI"), a residential drug treatment facility.

26   Defendant completed the first 45-day phase of the MSI program.  At that time, it

27

---

28   [1]      The OSC was referred to the undersigned Magistrate Judge on December 27,
     2016.  (ECF No. 63.)

was determined by PSA and MFI that defendant had not sufficiently progressed and that an additional 45-day phase of the treatment program was necessary.  Near this time, defendant began to exhibit a negative attitude and failed to comply with a number of MFI's rules.  Specifically, defendant failed to attend meetings, was found with contraband in her possession, left the MFI facility through her window without permission to meet a resident at a nearby sober living facility, and was found in her bed at MFI with a sober living resident.  As a result, defendant was terminated from the MFI program on December 12, 2016.  This was the second time that defendant failed to comply with pretrial release conditions requiring her to participate in residential drug treatment.  In July 2016, defendant absconded from the Allen House Residential Treatment Facility in violation of a bond and conditions of release dated June 27, 2016 (ECF No. 18).  These violations were set forth in PSA reports and by the PSA representative at the January 5, 2017 hearing.  Defendant has not contested that the violations occurred.

(2)    Pursuant to 18 U.S.C. § 3148(b)(2)(B), the Court further finds that the defendant is unlikely to abide by conditions of her release that would require her to participate in further residential drug treatment.  Defendant has twice been ordered to participate in residential drug treatment and has twice failed to comply with those orders and conditions of her release.  She absconded from the first facility, and she committed multiple violations of the rules of the second facility – leading to her termination from that program.  According to information provided by PSA in its reports and at the January 5, 2017 hearing, when defendant learned a second 45-day phase would be required, she began to exhibit a negative and unproductive attitude.  Defendant further engaged in a number of actions that constituted clear violations of the rules of the MSI program.  It is PSA's view that defendant would be unlikely to follow rules and directives if placed at a third treatment program and therefore would be unlikely to successfully complete such a program.  The Court has considered the certificates of completion that defendant obtained from MSI and the

December 13, 2016 letter from MSI. It appears defendant's behavior and performance at MSI were positive at the beginning of her time in the program, but later worsened to the point she was terminated.  The Court has also been informed by PSA that another treatment facility is willing to accept defendant (despite her failures at two prior programs).  After considering all of this information, the Court finds that it is unlikely the defendant would successfully abide by conditions of release requiring her to participate in residential drug treatment.  Defendant was twice ordered to participate in residential drug treatment programs and has twice failed due to her own choices and behavior.  It is unlikely that defendant would successfully comply with conditions of release including residential drug treatment on a third try.

(3)     Pursuant to 18 U.S.C. § 3148(b)(2)(A) and based on the factors set forth in 18 U.S.C. § 3142(g), the Court further finds that there is no condition or combination or conditions of release that will reasonably assure the appearance of the defendant at future proceedings in this case.  A number of factors indicate that defendant is a flight risk.  Defendant absconded from the first residential drug treatment program and disappeared for a period of time before being arrested.  She has no surety or bond resources and no permanent residence.  She has been unemployed for several years.  Defendant has not identified any relatives who would take responsibility for her or allow her to live at their residence.  Although electronic monitoring was imposed when defendant was a participant in the MSI residential program, defendant has not identified a place where she would live if released, thus making further electronic monitoring problematic at best.  Although there are mitigating factors – long-time resident in the District, familial ties to the community and no history of foreign travel – the Court concludes that defendant is a flight risk, and there are no conditions that will reasonably assure her appearance at trial.

(4)     Accordingly, defendant's bond is revoked, and defendant is remanded to the custody of the United States Marshal.

DATED:  1/6/2017

_____
ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE